IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| SHAKUR AL-AMIN, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> DARON HALL, ) <br> ) <br> Respondent. ) | Case No. 3:20-cv-00544 <br> Judge Trauger |

**MEMORANDUM AND ORDER**

Shakur Al-Amin, a pretrial detainee in the custody of the Davidson County Sheriff's Office, filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on June 23, 2020. (Doc. No. 1.) In response to the court's deficiency order, the petitioner filed an amended petition (Doc. No. 5) and two applications for leave to proceed *in forma pauperis* (IFP) (Doc. Nos. 6 & 7) on August 4, 2020. Two weeks later, on August 18, 2020, the petitioner filed a third application for leave to proceed IFP. (Doc. No. 8.)

**I. PAUPER STATUS**

Because the petitioner's third IFP application complies with the requirements of Rule 3(a)(2) of the Rules Governing § 2254 Cases in the United States District Courts ("Habeas Rules")[1] and demonstrates that he lacks sufficient funds to pay the $5.00 filing fee, this application (Doc. No. 8) is **GRANTED**. The petitioner's first and second IFP applications (Doc. Nos. 6 & 7) are **DENIED** as moot.

---

[1] The Habeas Rules may be applied to Section 2241 cases as well as Section 2254 cases. *See* Habeas Rule 1(b).

## II. INITIAL REVIEW

The amended petition is now before the court for an initial review under Habeas Rule 4, which requires the court to examine the petition to ascertain as a preliminary matter whether "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Habeas Rule 4. The court is "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v.Scott*, 512 U.S. 849, 856 (1994). Moreover, "Rule 4 dismissals are not limited to petitions that raise legally frivolous claims, but also extend to petitions containing factual allegations that are palpably incredible or false." *Carson v. Burke*, 178 F.3d 434, 436–37 (6th Cir. 1999) (citing *Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993)). The Sixth Circuit has stated that "the District Court has a duty to screen out" facially insufficient petitions. *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (citing 28 U.S.C. § 2243).

The amended petition asserts that the petitioner's imprisonment is unlawful based on his unlawful arrest and the state court's failure to hold a hearing within 48 hours of his arrest or to respond to the 11 *pro se* motions he has filed. (Doc. No. 5 at 2.) He asserts a right to federal habeas relief "due to criminal courts not responding to (11) motions" and "putting court dates off way longer than reasonable." (*Id.* at 3.) The petitioner claims that the state court has failed to consider his *pro se* motions and otherwise has "not allow[ed] pro se representation[,] just an attorney with many cases" who does not answer the petitioner's calls. (*Id.* at 6–7.) He also makes bare references to double jeopardy (*id.* at 6) and excessive bail. (*Id.* at 7.) As relief, the petitioner seeks the following: "Release me from custody immediately[,] [expunge] my record[,] reinstate all citizenship constitutional rights[,] . . . grant $10,000.00 for every month charges was in system and I was incarcerated under four cases listed [in the] inmate charge summary (DCSO)." (*Id.* at 8.)

Section 2241 petitions filed while state charges are still pending are typically dismissed as premature, unless they present exhausted claims that the prosecution violates double jeopardy or speedy trial rights. *Ealy v. Schrand*, No. CV 2:20-21-DCR, 2020 WL 1031026, at *1–2 (E.D. Ky. Mar. 3, 2020) (citing, *e.g.*, *Atkins v. Michigan*, 644 F.2d 543, 546 (6th Cir. 1981) and *In re Justices of Superior Court Dept. of Mass. Trial Ct.*, 218 F.3d 11, 17–18 (1st Cir. 2000)). While "[a] state pretrial detainee may bring a federal habeas action to demand a speedy trial" pursuant to 28 U.S.C. § 2241, he "may not generally seek habeas relief to forestall state prosecution altogether." *Abernathy v. U.S. Marshal Serv.*, No. 2:08-CV-14663, 2008 WL 4858442, at *1 (E.D. Mich. Nov. 10, 2008) (citing *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489–91 (1973)). The petitioner here expresses his frustration that his scheduled state court hearings are repeatedly continued but does not otherwise claim a speedy trial violation, and the remedy he seeks is not an order for the state to bring him to trial but, effectively, the dismissal of the state's case against him and compensation for his wrongful incarceration. Moreover, the amended petition merely contains the words "double jeopardy"; it does not cite any grounds for such a claim or give any indication that a double jeopardy claim was exhausted in state court.

Even if the court were to liberally construe the amended petition as raising a colorable speedy trial claim, the court must abstain from exercising habeas jurisdiction as a matter of comity, "if the issues raised in the petition may be resolved either by trial on the merits or by other available state procedures." *Id.* (citing *Atkins*, 644 F.2d at 546). "Intrusion into state proceedings already underway is warranted only in extraordinary circumstances." *Atkins*, 644 F.2d at 546; *see Younger v. Harris*, 401 U.S. 37, 45 (1971). The requirement that a federal habeas petitioner first exhaust his available state remedies is thus "especially forceful in a situation involving a speedy trial claim," because the remedy for such a violation will either involve dismissal of the indictment (if

3

the petitioner establishes that the delay has prejudiced his defense) or a federal order requiring the state to bring the petitioner promptly to trial—remedies which "could not be more disruptive of pending state actions." *Atkins*, 644 F.2d at 546–47.

Here, the amended petition refers to evidentiary issues including "no forensic DNA findings [and] no concrete evidence." (Doc. No. 5 at 7.) Such evidence-based issues can and should be resolved in state court as part of the petitioner's defense to the charges against him. Moreover, the amended petition does not establish that the petitioner "has availed himself fully of the state machinery in attempting to have the state commence trial on the charges pending against him," as required to properly exhaust such a claim. *Atkins*, 644 F.2d at 547. The Supreme Court has found this exhaustion requirement met where the claimant demonstrated his "repeated demands for trial to the courts of Kentucky, offering those courts an opportunity to consider on the merits his constitutional claim of the present denial of a speedy trial." *Braden*, 410 U.S. at 490. Whereas, in the instant case, the amended petition merely reveals that the petitioner filed multiple pro se motions for hearings in order to challenge the finding of probable cause or to cross-examine state witnesses when his original attorney withdrew after "less than 6 months." (Doc. No. 5 at 2–3, 7.)

Given the apparent availability of remedies in the ongoing proceedings against the petitioner in state court, where he appears to be represented by counsel[2] (albeit counsel with whom he is dissatisfied), this court must abstain from exercising jurisdiction under Section 2241.

---

[2] The court takes judicial notice of the Davidson County Criminal Court's criminal justice records database, which shows that the petitioner is represented by attorney Sean Thomas McKinney and has a court appearance scheduled for September 17, 2020. *See* https://sci.ccc.nashville.gov/Search/CriminalHistory?P_CASE_IDENTIFIER=SHAKUR%5EAL-AMIN%5E02201989%5E352455.

## III. CONCLUSION

In sum, upon initial review of the petition, it plainly appears that the petitioner is not entitled to relief in the district court at this time. Further proceedings in this court are not warranted.

Accordingly, this case is **DISMISSED** without prejudice.

Because "a plain procedural bar is present" in this case and jurists of reason could not find that it was incorrectly invoked or that the petitioner should be allowed to proceed further, no certificate of appealability shall issue. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). For the same reasons, the court **CERTIFIES** that any appeal from this dismissal would not be taken in good faith. 28 U.S.C. § 1915(a)(3).

It is so **ORDERED**.

_____
Aleta A. Trauger
United States District Judge